6/7/2007 10:47:09 AM

**State of Rhode Island and Providence Plantations**

**Washington County** **Superior Court**

| | | |
|---|---|---|
| Kenneth Adams, d/b/a Ocean View Motel<br>**Plaintiff**<br>v.<br>The Town of Westerly, in its Corporate Capacity<br>The Westerly Town Council in its Representative Capacity :<br>The Westerly Board of Licenses, and its members, Marylou Serra, James A. Angelo, Joseph J. Iacoi, Leo P. Trambukis and Louis J. Masucci, in their representative and personal capacities; Bart Fraser, The Westerly Building Inspector, in his Representative and Individual Capacity, Donna Giordano, in Her Representative Capacity as Town Clerk, The Westerly Police Department, Edward Mello, Chief of the Westerly Police Department, Lt Mark Wright, Sgt. Shawn Lacey, Corporal Lamb, Detective Bailey, Detective Ernest Bailey, Patrolman Christian T. Fiore, and Officer Damien Maddox, in Their Individual Capacities<br>**Defendants** | : | **WC 07-358** |

**Complaint**

**Parties:**

1. The Plaintiff is Kenneth Adams of 140 Atlantic Avenue, Westerly, Rhode Island.
2. The Plaintiff does business as the Ocean View Motel, herein referred to as "Ocean View Motel", on Tax Assessors Plat 165, lot 214, in the area known as Misquamicut Beach, in the Town of Westerly, and provides rentals to the public of the four (4) efficiency apartments and the four (4) bedrooms and bathrooms. Plaintiff also owns a one bungalow one person month rental unit and a storage unit on an adjacent lot at 3 Montauck Avenue, Westerly on Tax Assessors Plat 165, lot 213.
3. The Defendant Town Council of the Town of Westerly and the Town of Westerly are being sued in their representative capacities for (i) enacting an ordinance to license a motel with unconstitutional provisions which are "ultra vires" and which

have been "preempted"[1] by the state statutes creating control of Individual Septic Systems within the R.I. Department of Environmental Management, when the Westerly Ordinances requires a motel to meet an unconstitutional condition precedent[2] of the prior approval of the R.I. Department of Environmental Management, contrary to the provisions of R.I.G.L.§ *45-6-1*, of *R.I.G.L §* 45-*6-6*, and of Articles VI and XIII of the State Constitution; (ii) for unconstitutionally utilizing the Westerly Police Department to enforce improperly a non criminal and unconstitutional town ordinance, (iii) for its utilizing Town employees to abuse, for ulterior purposes, its civil ordinance's prosecutorial powers; and (4) for an unconstitutional taking of the business of the Plaintiff's motel by refusing to allow him to do business as a motel.

4. Defendant, Donna L. Giordano, of 7 Sherwood Drive, Westerly, Rhode Island, is the Town Clerk of Westerly, who is being sued in her representative capacity, has

---

[1] *TOWN OF WARREN v. THORNTON-WHITEHOUSE*, 740 A.2d 1255, 1262,1263 (R.I. 1999).

[2] Town of Westerly Code of Ordinances ,§ 158-3 (a) &( b). Approvals required. [Amended 10-25-2004 by Ch. No. 1515; 9-26-2005 by Ch. No. 1555.

A. All new licenses granted pursuant to the provisions of the Code of the Town of Westerly are subject to **prior approval of proper authorities**, i.e., Town Manager (Director of Public Safety), Police Chief, Fire Chief, Building Official, Zoning Inspector, Tax Collector, Minimum Housing, **and all other applicable state and federal approvals**, as the context requires.

B. All applications for the renewal of licenses shall require the prior approval of proper authorities, with the exception of the Building Official; provided, however, that renewal of all liquor licenses, other than Class A, and the **renewal** of hotel, motel and guest house licenses and parking lot licenses shall require the **approval of the Building Official**.

refused to issue to the Plaintiff a ministerial renewal of his license to do business as a motel, as mandated by the Town's own ordinances[3].

5. The Defendant Westerly Board of Licensing, and its Defendant Members, Marylou Serra, of 5 Ward Avenue, Westerly, R.I.; James A. Angelo, of 20 Rockridge Road; Joseph J. Iacoi, of 5 Boxwood Avenue, Westerly, Leo P. Trambukis of 11 Trolley Lane, and Louis J. Masucci, of 19 Rockridge Rd Westerly, are being sued in their representative and individual capacities for (i) their intentional and willful refusal to renew the Plaintiff's a license to do business as a motel in violation of the Constitutions of the United States and of Rhode Island and in violation of state statute; (ii) for their failure to an provide impartial judicial adjudicative forum to the Plaintiff's appeals in violation of the Due Process Clauses of the U.S. and R.I. Constitution; (iii) and, for their intentional interference with Plaintiff's right to do business by adding conditions precedent to their approval which were outside of the constitutional, statutory, and charter authorities, which actions were motivated by malice, designed to spite previous orders of the Washington County Superior Court to issue renewals of licenses to do business as a motel to the Plaintiff; (iv) for their unconstitutional taking of Plaintiff's right to do business as a motel; (v), and for tortious

---

[3] *Town of Westerly Code of Ordinances, § 158-5.* Enumeration of license renewals issued by Town Clerk. [Adopted 8-13-1991 by Ch. No. 983 as §§ 7-217 through 7-219 of the 1991 Code (Ch. No. 1052)].Authority is hereby delegated to the Town Clerk to issue renewals of the following licenses:*** Motels/hotels/guests***

interference in the Plaintiff's business; (vi) and, for the invasion of privacy of the Plaintiff, and for (vii) for the libel and slander of the Plaintiff's good name.

6. Defendants, Edward Mello, who is the Police Chief of the Town of Westerly, Lieutenant Mark Wright, Sergeant Shawn Lacey, Corporal Lamb, Detective Ernest Bailey, Patrolman Christian T. Fiore, and Officer Damien Maddox are being sued in individual capacities for unlawful actions in 2006, in particular for their unlawful entry onto Plaintiff premises and for the unlawful taking of the Plaintiff's personal property on August 11, 2006.

**Common Facts:**

7. Since June 11, 2002, the Plaintiff has owned two (2) lots in Westerly, Rhode Island on non-beach side of 140 Atlantic Avenue, where 140 Atlantic Beach Avenue intersects with 3 Montauk Avenue, in an area commonly known as Misquamicut Beach.

8. The lot at 3 Montauk Avenue is known as Tax Assessors' lot 213 on Assessors Plat 165. The adjoining lot is known as Tax Assessors lot 214 on Assessors Plat 165.

9. Prior to June 11, 2002, Kenneth Adams was a member of a partnership with Michael and Gary Capalbo, AC & C Partnership, which owned those two lots.

10. At 3 Montauck Avenue, T.A. Plat 165, lot 213, Westerly, Plaintiff owns a (i) one story one person residential bungalow connected to a functioning cesspool which has been rented for several years as a month to month residential rental; and he also owns the on the same lot 213 a small partially constructed, vacant, two room office and storage room, which building abuts the rear of lot 214, which is

perpendicular to the main motel building located on lot 214, tax assessors Plat 165 at 140 Atlantic Avenue. Those storage and office rooms contain unused plumbing fixtures which are not attached to any septic system. That vacant office and storage building have an outside attached shower stall.

11. At 140 Atlantic Avenue, Westerly, T. A. Plat 165, lot 214, Plaintiff owns one building, which contains (i) four (4) efficiency motel apartments, (ii) four separate motel bedrooms and bathrooms, and (iii) a vacant room along Atlantic Avenue, which was formerly use, several years ago, as restaurant.

12. All buildings owned by the Plaintiffs on lots 213 and 214 are properly zoned.

13. All buildings on lots 213 and 214 have sewerage disposal systems which in the past have been approved by the R.I. Department of Health; and which motel units have been found by the R.I. Department of Environmental Management, (DEM), the successor agency, found to be suitable for their present use, and which motel units are otherwise suitable for their present use under recent DEM regulations.

14. In 1971 the R.I. Department of Environmental Management, in application number 135-15 approved the existing Individual Septic Distribution System. (ISDS) on lot 214 at 140 Atlantic Avenue, Westerly, R.I.

15. On November 14, 1996, Robert D. Bailey, P.E. of the R.I. Department of Environmental Management (DEM) found that the existing individual septic disposal system, approved in 1971, Application number 136-15, was suitable for four motel rooms and four efficiency apartments, which are presently in use, on tax assessors plat 165, lot 214, and for a ten (10) seat restaurant which is not

presently in use. See System Suitability Approval #9536-2103, Attached hereto as Exhibit 1.

16. On September 6, 2006, Joseph W. Frisella, registered professional engineer, tested the ISDS system located on lot 214 at 140 Atlantic Avenue, Westerly, and found that the system was properly operating and has not failed. See Exhibit 2, Attached herein.

17. Adams has an approved 1050 gallon per day ISDS.

18. Pursuant to DEM ISDS Regulations, published on September 11, 1998, and amended in 2001,[4] the minimum standards for motel rooms is forty (40) gallons per person per day and for motel efficiencies is fifty (50) gallons per person per day. Although these new regulations are not applicable to the motel units owned

---

[4] *R.I. DEM, RULES AND REGULATIONS ESTABLISHING MINIMUM STANDARDS RELATING TO LOCATION, DESIGN, CONSTRUCTION AND MAINTENANCE OF INDIVIDUAL SEWAGE DISPOSAL SYSTEMS;* September 11, 1998;Amendments:
EFFECTIVE DATE:
The foregoing "Rules and Regulations Establishing Minimum Standards Relating to Location, Design, Construction and Maintenance of Individual Sewage Disposal Systems," after due notice, are hereby adopted and filed with the Secretary of State this ___ day of _______________, 2001 to become effective twenty (20) days thereafter, in accordance with the provisions of Chapters 5-56.1, 23-19.5, 42-35, 42-17.1, 42-17.6 of the General Laws of Rhode Island of 1956, as amended.

_______________________________________
Jan H. Reitsma, Director Department of Environmental Management
Notice Given On:
Public Hearing Held:
Filing Date:
**S.D. 3.00 Standards of Flow and Minimum Distances**
S.D. 3.01 — Determination of Sewage Flow
A sewage disposal system must be designed to dispose of the estimated maximum days' flow from the building it serves. The maximum days' flow is estimated by multiplying flow (according to the following table) by the maximum design capacity of the building. Consideration will be given to maximum sewage flow estimates derived from actual records of water consumption kept at comparable establishments.
MINIMUM DESIGN REQUIREMENTS FOR SEWAGE FLOW
TYPE OF ESTABLISHMENT GALS. PER PERSON PER DAY
***** Motel – 40, Motel — efficiency units 50,*****

by the Plaintiff, Kenneth Adams, his four motel rooms and four efficiency units meet those new minimum standards and are suitable under existing regulations.

19. Under the new DEM regulations, Plaintiff's four (4) motel units, at 40 gallons per person, assuming two persons per room, would require 320 gallons per day capacity. Under the new DEM ISDS regulations, his four efficiencies, at 50 gallons per person, assuming two persons per efficiency, would require 400 gallons per day. The ISDS total suitability requirement under the new 2001 regulations is thus 720 gallons. The present capacity of the approved existing system of the Plaintiff is 1050 gallons per day.

20. All buildings on lots 213 and 214 were built and renovated through building permits issued by the Town of Westerly.

21. The Town of Westerly and its agents were aware that the existing ISDS serving the motel on lot 214 and its four (4) efficiencies and four bedrooms was suitable as previously determined by the R.I. Department of Environmental Management.

22. The Town of Westerly, pursuant to its Code of Ordinances[5], has issued licenses to Ocean View Motel, to operate a motel through the year 2005.

23. The Plaintiff in 2005 had abandoned his use of the restaurant.

24. Prior to 2005, The Honorable Retired Justice Ronald Gagnon and Justice Jeffery Lanphere have issue interim orders in the matter of *Kenneth Adams v. Town of*

---

[5] **Town of Westerly Code of Ordinances ,§ 158-3 b. Approvals required. [Amended 10-25-2004 by Ch. No. 1515; 9-26-2005 by Ch. No. 1555]** All applications for the renewal of licenses shall require the prior approval of proper authorities, with the exception of the Building Official; provided, however, that renewal of all liquor licenses, other than Class A, and the renewal of hotel, motel and guest house licenses and parking lot licenses shall require **the approval of the Building Official.**

*Westerly, WC97-139* requiring the Town of Westerly to allow the Plaintiff to do business as a motel.

25. In November of 2005, Adams applied for the renewal of his license for 2006 and the Defendant, Westerly Town Clerk, nevertheless refused to issue the renewal to the Plaintiff because Town Defendant, Bart Fraser, the Building Inspector, because Plaintiff Adams has not had his application R.I. DEM to improve and expand his existing suitable Individual Septic System for the four motel room and the four motel efficiencies approved..

26. The Westerly Board of License and the Town Council of Westerly then denied the appeal of Plaintiff Adams to the refusal of the Defendant, Building Inspector, Bart Fraser, of the renewal license to agree to the issuance of the license to do business in 2006, and undertook enforcement actions against the Plaintiff.

27. Steven T. Hartford, of 96 Bradford Road, Westerly, the present Town Solicitor for the Defendant Westerly Board of Licenses, in the past as a private attorney, has represented competing objectors before the Westerly License Renewal Board on early hearings relating to the issuance of a license to operate by the Plaintiff.

28. According to an affidavit by a Defendant Member of the Westerly Police Hartford, assumingly on the behalf of the Town of Westerly, ordered the Westerly Police to enter the private premises of the Plaintiff on August 11, 2006 and remove Adams' books and to remove any persons using the motel.

29. In November of 2006, the Clerk of the Town of Westerly again refused to allow Adams to apply for a renewal of his license since the 2006 renewal was denied and only allowed Adams to apply for new license.

30. In November of 2007 Adams' license for a new license was not issued the Defendants on the putative grounds first that DEM had not approved the pending ISDS application to expand.

31. As of November, 2005 and November 2006, when the Plaintiff applied for a motel license, effective December 1, there were no notices of violations from the Department of Environmental Management pending.

32. On May 16, 2007, Exhibit 3, the Plaintiff again made demand upon the Westerly Licensing Board again for the issuance of the license to do business.

33. Defendant Westerly Members of the Board of Licenses and the Defendant Fraser then requested DEM to produce a notice of violations from DEM against Adams which it did on May 22, 2007.

34. Such notice was based upon false facts generated by Defendants Fraser and Defendant James Angelo.

35. The Defendant Town of Westerly and its agents, without statutory and constitutional authority, and with a negative animus toward the Plaintiff, have refused to issue the Plaintiff motel licenses for the years 2006 and 2007.

36. The refusal of the Defendants to allow the Plaintiff to operate his motel is causing constructive unconstitutional regulatory taking of the property of the Plaintiff for which the Plaintiff has no adequate remedy at law and is causing him irreparable harm.

37. The Plaintiff's use of the property as a four room (4) motel and as four (4) efficiency apartments is a lesser use than was found to be suitable on November 14, 1996 by the Department of Environmental Management.

38. The Town of Westerly is solely responsible for creating the condition that denies the Plaintiff any ability to upgrade his existing and suitable septic disposal system when it has refused a requirement of the Coastal Management Resource Council to remove a pond drain adjacent to 3 Montauck Avenue where Plaintiff had intended to place his new and expanded ISDS system.

39. Despite the fact that the Westerly Defendants are aware of the exclusive statutes creating the exclusive and preemptive authority of the R.I. Department of Environmental Management over individual septic distribution systems; despite the fact no statute authorizes a municipality to close down a business while an alleged state offense is adjudicated, the Defendant Westerly Town Clerk and Defendant Westerly Board of Licenses have refused to provide to the Plaintiff a license to do business in the Town of Westerly in 2006 and 2007

40. The refusal by the Defendants to issue a motel license to the Plaintiff has been, allegedly due to the refusal of the Department of Environmental Management to allow the Plaintiff to build an unneeded, expanded system for the disposal of septic waste.

41. The new system application by the Plaintiff was actually held back by DEM because the Defendant Town of Westerly had refused to remove public drain on Montauck Avenue.

42. The public drain of the Defendant Westerly on Montauck Avenue was ordered removed by the R.I. Coastal Management Resources Council (CRMC) to review the stop drainage into Winnapaug Pond.

**Count I.**
**(Ultra Vires, State Pre-emption)**

43. Averments one (1) through forty three (43) are hereby incorporated by reference as if pled within this count.

44. From 1996 to the present, the Plaintiff has utilized an approved ISDS which is suitable for use for four (4) motel rooms and four (4) motel efficiencies.

45. In 2005 Plaintiff applied to the R.I. Department of Environmental Management to install an additional ISDS on lot 213 in order to expand the use of his property to include a fifty seat restaurant on lot 214.

46. The Defendant Town of Westerly has issued licenses to the Plaintiff to do business as a four (4) motel room and four (4) efficiency motel through the year 2005.

47. The Plaintiff's licenses to do business as motel in Westerly, Rhode Island are a property interest of the Plaintiff protected by Due Process and Taking Clauses of the Rhode Island and State Constitutions.

48. In November of 2005 and in November of 2006, the Plaintiff has duly applied for the renewal of his license to do business as a motel in the Town of Westerly.

49. In November of 2005 and in November of 2006, the Plaintiff has had no local zoning code violation, no local building code violation, no state fire code violation, and no State ISDS DEM violations pending or recorded on the land records.

50. The Plaintiff has paid all local taxes and fees and conforms to all local laws which are constitutional.

51. In 2006 and in 2007, Defendant Building Inspector, Bart Fraser, has refused to give prior approval to the issuance of a renewal of the license by the Westerly

Board of Licenses to the Plaintiff to do business as a motel under the alleged basis that a new 2005 town ordinance required that the application of the Plaintiff to expand his use of his motel property be approved by the Department of Environmental Management.

52. Contrary to the Town's own ordinance, the Defendant Clerk of the Town Donna Giordano refused to issue a renewal license of the 2006 license alleging that the Westerly Building Official Defendant Bart Fraser refused to provide prior approval.

53. Contrary to the Town's own ordinance, the Defendant Town Clerk in 2007 has refused to allow the Plaintiff to apply for a renewal license on the basis that the 2006 renewal license was not issued.

54. To date, the Westerly Board of Licenses has refused to issue a 2007 license to do business to the Plaintiff.

55. The Town Defendants have unconstitutionally refused to issue a license to the Plaintiff in 2006 and 2007 on the basis of unconstitutional language in an ordinance adopted in 2004 and amended in 2005, which the Town avers empowers the town to subject the issuance of its business licenses to the prior approval of the R.I. Department of Environmental Management for an expansion for use not being presently utilized.[6]

---

[6] Town of Westerly Code of Ordinances ,§ 158-3 (a) &( b). Approvals required. [Amended 10-25-2004 by Ch. No. 1515; 9-26-2005 by Ch. No. 1555.

56. The Town Council of the Town of Westerly was without statutory authority under R.I.G.L.§ *45-6-1*[7] to enact the town ordinances[8] subjecting local business licenses to the prior approval of state agencies. The ordinance and practice of Defendants Town of Westerly, the Defendant Town Clerk, the Defendant Westerly Board of Licenses, and Defendant Fraser, of conditioning the issuance of a local license to do business as a motel upon the prior action of state agency, such as the Department of Environmental Management, which has exclusive and pre-empted state wide authority over the issuance of permits for new Individual Septic Disposal Systems (ISDS), is (i) constitutionally pre-empted; (ii) is based upon unconstitutional provisions of the town ordinance, and is a practice which is

---

A. All new licenses granted pursuant to the provisions of the Code of the Town of Westerly are subject to prior approval of proper authorities, i.e., Town Manager (Director of Public Safety), Police Chief, Fire Chief, Building Official, Zoning Inspector, Tax Collector, Minimum Housing, and all other applicable **state and federal approvals**, as the context requires.

B. All applications for the renewal of licenses shall require the prior approval of proper authorities, with the exception of the Building Official; provided, however, that renewal of all liquor licenses, other than Class A, and the **renewal** of hotel, motel and guest house licenses and parking lot licenses shall require the **approval of the Building Official.**

[7] R.I.G.L.§ *45-6-1* Scope of ordinances permissible. —
(a) Town and city councils may, from time to time, make and ordain all ordinances and regulations for their respective towns and cities, not repugnant to law, which they deem necessary for the safety of their inhabitants from fire, firearms, and fireworks; to prevent persons standing on any footwalk, sidewalk, doorstep, or in any doorway, or riding, driving, fastening, or leaving any horse or other animal or any carriage, team, or other vehicle on any footwalk, sidewalk, doorstep, or doorway within the town or city, to the obstruction, hindrance, delay, disturbance, or annoyance of passersby or of persons residing or doing business in this vicinity; to regulate the putting up and maintenance of telegraph and other wires and their appurtenances; to prevent the indecent exposure of any one bathing in any of the waters within their respective towns and cities; against breakers of the Sabbath; against habitual drunkenness; respecting the purchase and sale of merchandise or commodities within their respective towns and cities; to protect burial grounds and the graves in these burial grounds from trespassers; and, generally, all other ordinances, regulations and bylaws for the well ordering, managing, and directing of the prudential affairs and police of their respective towns and cities, not repugnant to the constitution and laws of this state, or of the United States.

8 Town of Westerly Code of Ordinances ,§ 158-3 (a) &( b). Approvals required. [Amended 10-25-2004 by Ch. No. 1515; 9-26-2005 by Ch. No. 1555.

prohibited under Article VI (Legislative Power) and Article XIII (Home Rule )of the State Constitution, which provides that police powers of state wide application are exclusive reign of the General Assembly, and not of municipalities; and (iii), and such municipal action is an unconstitutional attempt, agency under Article XIII of the State Constitution, and under its Home Charter, to delegate enforcement of town ordinances to a State a State agency.

57. In July and August of 2006, Defendant Westerly Board of Licensing not only refused to issue a local license the Plaintiff to do business, it sought and obtained penal sanctions against the Plaintiff in its local Municipal Court for violating an known unconstitutional ordinance in violation of the Plaintiff's Due Process rights of the U.S. and R.I. State Constitution.

58. The denial of a business license to the Plaintiff, the actual imposition of penalties by the Town of Westerly Municipal Court for not having a local business license in 2006, and the threaten imposition in 2007 of penalties, on the basis of an alleged R.I. Department of Environmental Management notice of violation, subjects the Plaintiff to both state penalties[9],[10] and local ordinance penalties[11] in

---

[9] *R.I.G.L.§* **42-17.6-2** Authority of director to assess penalty. — The director may assess an administrative penalty on a person who fails to comply with any provision of any rule, regulation, order, permit, license, or approval issued or adopted by the director, or of any law which the director has the authority or responsibility to enforce. Any such penalty shall be an alternative to any other civil penalty that may be prescribed by law.

[10] *R.I.G.L.§* **42-17.1-2** *(v)* To impose administrative penalties in accordance with the provisions of chapter 17.6 of this title and to direct that such penalties be paid into the account established by subsection (z) of this section; and ***.

[11] *R.I.G.L.§ 45-6-2* Imposition of penalties for ordinance violations. — Town councils and city councils may impose penalties for the violation of ordinances and regulations, not exceeding in amount five hundred dollars ($500) or imprisonment not exceeding thirty (30) days in some jail or house of correction, and/or require restitution in cases involving property damage or personal injury in an amount up to twenty-five hundred dollars ($2,500) and/or for voluntary community restitution for a town or city agency for not more than ten (10) days for any one offense, unless other penalties therefor, or penalties within other limits, are specially prescribed by statute, to be prosecuted by some officer appointed for that purpose, and to be

violation of the provisions of R.I.G.L § *45-6-6, Offenses punishable by state law*[12], and of the Due Process Clauses of the State and Federal Constitutions.

59. The Defendants are operating under the color of law, to deny the Plaintiff his property rights to due process, and to the compensatory benefits of a regulatory taking of property, as otherwise secured by the U.S. Constitution, and as is protected by the provisions of 42 U.S.C. §1983.

60. The Town of Westerly Defendants has capriciously, wrongfully, intentionally, and unconstitutionally refused to allow the Plaintiff to do business in the Town of Westerly.

61. In the *Matter of the Town of Westerly v. Kenneth Adams*, Washington County, 2006-467, on September 22, 2006, by agreement of the Parties, an order was entered that Kenneth Adams was restrained and enjoined from operating a motel at 140 Atlantic Avenue, Westerly, Rhode Island until obtaining a license from the Westerly Municipal Licensing Board or until further order of this Court.

62. The Westerly Board of Licensing has refused to issue a license to operate to Kenneth Adams in November 2006 for the calendar year 2007

63. On May 24, 2007, when the Plaintiff sought again a hearing on the matter from the Westerly Board of Licenses, the Defendant members of the Board of Licensing refused to act and entered into the record a notice of violations from the R.I. Department of Environmental Management received on May 22, 2007.

---

recovered to the use of the town, or of such person or persons, and in such proportions, as the councils in their ordinances and regulations shall designate.

[12] R.I.G.L § *45-6-6* Offenses punishable by state law. No ordinance or regulation whatsoever, made by a town council, shall impose or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor, or offense, by the statute law of the state.

64. The Defendant Westerly Board of Licenses, through one of its defendant members, had generated the notice of violations from DEM.

65. The Defendant Board of License continued the hearing until June 11, 2007.

66. Attendance at such hearing before the Defendant Board would be a futile exercise by the Plaintiff.

67. The Plaintiff is suffering irreparable harm. The refusal of the Town of Westerly to issue a license to do business is causing a constructive regulatory taking of the Plaintiff's business as motel.

68. Plaintiff has no adequate remedy at law. The Defendant Town Council and Board of License are not impartial forums, which have previously denied Plaintiff's municipal appeals.

69. **Wherefore**, the Plaintiff prays that this Honorable Court grant the following relief to the Plaintiff:

    i. Declare the provisions of Town of Westerly Code of Ordinances, § 158-3 (a) & (b). Approvals required. [Amended 10-25-2004 by Ch. No. 1515; 9-26-2005 by Ch. No. 1555 relating to the prior approval of State Officials to be ultra vires, pre-empted, unconstitutional, and void;

    ii. Declare the practice of Defendant Bart Fraser from refusing to allow the issuance of license renewals to Plaintiff on the basis of alleged State Violations or lack of State Action to be unconstitutional;

iii. Temporarily, preliminarily, and permanently enjoin the Westerly Defendants from not issuing the renewal of his license to the Plaintiff to do business as a motel with four (4) motel rooms and four (4) efficiency units;

iv. Prohibit the Defendant Bart Fraser and the other Town Defendants from imposing a condition precedent upon the issuance of any new or renewed license to do business to the Plaintiff that any prior action be taken by any State Agency;

v. Order the Westerly Town Clerk, Donna Giordano, to issue forthwith to Nicholas Adams to a license to do business in the Town of Westerly for the Year 2007;

vi. Restrain the Westerly Police Defendants temporarily, preliminary, and permanently from enforcing an unconstitutional town ordinance limiting Plaintiff's ability to do business as a motel.

vii. Award the Plaintiff reasonable attorneys' fees and costs;

viii. And provide such other relief which is just and reasonable.

Plaintiff
Kenneth Adams
D/B/A Ocean View Motel
By His Attorney

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5280 Fax
KevenM@McKennaLaw.cc. Net

**Count II**
**(Illegal Search and Seizure)**

70. Averments one (1) through sixty nine (69) are hereby incorporated by reference as if pled within this count.

71. In July and August of 2006, without a prior order of the Westerly Municipal Court, without a prior order of the Superior Court of the State of Rhode Island, the Defendant Members of the Westerly Police Department improperly utilized their criminal power to enforce state criminal laws, without probable cause of a violation of a criminal law, and interfered with the personal and property rights of the Plaintiff to do business as a motel, causing harm to the Plaintiff.

72. On July 6, 2006, and on other diverse dates unknown, without a court order, certain defendant members of the Defendant Westerly Police Department, illegally, without court orders, illegally entered the Plaintiff's motel, illegally recorded his conversations, and attempted to entrap him in violations of civil law, in an intentional abuse of their power to enforce state wide criminal laws.

73. On August 1, 2006, in the matter of the *Town of Westerly v. Kenneth J. Adams*, WC 2006 -467, the Town of Westerly sought an ex parte restraining order against the Plaintiff for operating a motel in violation of the town ordinance.

74. On August 11, 2006, in afternoon, Kenneth Adams was temporarily restrained by a civil order in the matter of WC 2006 -467 not to operate his motel at 140 Atlantic Avenue, Westerly, R.I. and the matter was continued for further hearing until August 31, 2006.

75. On the afternoon of August 11, 2006, after being informed by his counsel by phone that the restraining was issued in, Plaintiff Adams did not take any further reservations at his Motel or collect any funds from existing motel inhabitants, and otherwise respected the temporary order of the Court.

76. On August 11, 2006, thereafter, the Defendant members of the Westerly Police, to wit, Defendants, Edward Mello, who is the Police Chief of the Town of Westerly, Lt Mark Wright, Sgt. Shawn Lacey, Corporal Lamb, Detective Bailey, Detective Ernest Bailey, Patrolman Christian T. Fiore, and Officer Damien Maddox, without a warrant from any court, without a finding of contempt of a civil order of the Superior Court, and, without an allegation of the commission of criminal offense, wrongfully entered the property of the Plaintiff known as the Ocean View Motel and remove its patrons, who previously paid for rooms, and seized the business records of the Plaintiff.

77. According to the affidavit of Defendant, Lieutenant Mark Wright on August 16, 2006, "we (Westerly Police Department) were directed by the Westerly Town Solicitor (Hartford) to close the facility (Ocean View Motel) if it was operating, for it did not have a license, now would the operator, Mr. Adams voluntarily close."

78. The Westerly Police Defendants were without constitutional or statutory power to close the business of the Plaintiff, without a warrant, without a prior court order authorizing their actions and without a warrant authorizing its illegal search and seizures.

79. The actions of the Westerly Police were done under the color of law in violation of Search and Seizure, Due Process, and Taking Clauses of the United States Constitution, and of Article I of the R.I. State Constitution, and caused damage to the property of the Plaintiff.

80. **Wherefore**, the Plaintiff prays that this Honorable Court grant the following relief to the Plaintiff against the Westerly Police Defendants;

i. Award the Plaintiff compensatory damages against the Westerly Police Defendants, individually in the sum of $100,000 each.

ii. Award the Plaintiff punitive damages against the Westerly Police Defendants individually in the sum of $100,000 each.

iii. Award the Plaintiff reasonable attorneys' fees and costs;

iv. And provide such other relief which is just and reasonable.

Plaintiff
Kenneth Adams
D/B/A Ocean View Motel
By His Attorney

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5280
KevenM@McKennaLaw.cc. cc net

**Count III**
(False Light, Libel, Slander, Abuse of Process, Denial of Due Process)

81. Averments one (1) through eighty (82) are hereby incorporated by reference as if pled within this count.

82. On November 12, 2004, in the matter of *Kenneth Adams v.The Town of Westerly, WC 97-139* signed a consent order, signed by the Court, which stated that "Defendant Town of Westerly will issue a motel license for 8 units of motel provided Plaintiff submits plans for application new ISDS for site , for 2004/2005 season." Plaintiff submitted such plans to DEM and the Town issued a license to the Plaintiff to do business for the 2004-2005 seasons.

83. The Town Defendants were aware that the Plaintiff's ability to expand his existing suitable ISDS was inhibited by DEM because of the Town's failure to remove a drain on Montauck Avenue which illegally drained into Winnapaug Pond and were resentful that the Plaintiff's request for an expanded ISDS will cause the Town to expend money to reroute the drain from the pond.

84. To spite a prior Superior Court order obtained by the Plaintiff requiring the issuance of a business license in 2005, and, having refused to issue the Plaintiff is license on the basis of an unconstitutional condition precedent , to wit, an approval for an expanded ISDS system from the Department of Environmental Management, the Defendant Members of the Defendant Westerly Board of Licenses refused to issue a license to the Plaintiff for 2006; and then ordered that the Plaintiff be charged with a violation of a Town Ordinance of operating a motel without a license, which ordinance was otherwise unconstitutionally.

85. The issuance of such charges and fines, by the Town Defendants in the Westerly Municipal Court were an abuse of process done for an ulterior purpose.

86. Having no grounds to deny the Plaintiff a business license in 2007, the Defendant members of the Westerly Licensing Board, then asked the R.I. Department of

Environmental Management to issue notice of violations against the Plaintiff, based upon false information provided by them to the Department of Environmental Management.

87. According to page 510 of the minutes of the Westerly Licensing Board, on June 10, 2004, Defendant Steven Hartford, then representing the operators of Maria's Seaside Café, of Café El Mare, and Umile Ritacco, an abutting property owner of the Plaintiff, stated falsely "…there is no DEM approved ISDS system on the property …"

88. On November 29, 2005, although Bart Fraser was aware that the R.I. Department of Health in 1971 in application number, 135-15 approved the existing Individual Septic Distribution System. (ISDS) on lot 214 at 140 Atlantic Avenue, Westerly, R.I. and that the R.I. Department of Environmental Management, System Suitability Determinations, in document #9536-2103, found that the existing ISDS located at 140 Atlantic Avenue, Westerly, was suitable. Fraser, nevertheless, on page 660 of the minutes of the Westerly Licensing Board falsely and intentionally misleads the Westerly Board of Licensing by stating that "at the present time he has no approved ISDS application in his file for the Ocean View Motel."

89. On May 5, 2006, Defendant James A. Angelo, a member of the Defendant Licensing Board, in a letter to Dean Albro, Chief of the Office of Compliance and Inspection of DEM, falsely wrote that the (i) …'the fact that the currently installed and operational ISDS located on the business owner's property was less than 150 feet from a pond" and (ii) "effluent emanating from the existing ISDS is

encroaching on to the Town property and as such constitutes a violation of the Town's zoning ordinance.". Defendant Angelo knew that Plaintiff's business is not 150 feet from any pond. Defendant Angelo knew that there is no effluent emanating from the Plaintiff's property on to the Town's property.

90. The actions of the Defendant Members of the Westerly Board of Licenses, and the Town Building Inspector, acting in their personal capacities, falsely portrayed the Plaintiff as a "scofflaw" and a "law breaker" in public , and caused the name of Kenneth Adams to be held in a "false light "in the *Westerly Sun,* and in a manner designed to harm his reputation with his friends and neighbors and cause damage to the Plaintiff by inferring that he had been committing crimes.

91. The Defendant Members of the Westerly Board of Licenses, and Defendant Bart Fraser , the building inspector, for ulterior purposes, and without constitutional and statutory authority, acting in their personal capacities, portrayed the Plaintiff in a false light, libeled and slandered his good name, abused its process of enforcement, and has not provide the Plaintiff a fair and unbiased forum in violation of the Plaintiff's, Due Process rights as secured by the U.S. and R.I. Constitutions, acting under the color law, as secured by the provisions of 42 USC §1983.

92. As a consequence of such wrongful actions by these individual defendants, Plaintiff has suffered damages.

93. **Wherefore**, the Plaintiff prays that this Honorable Court grant the following relief to the Plaintiff

i. Award the Plaintiff compensatory damages against Marylou Serra, James A. Angelo, Joseph J. Iacoi, Leo P. Trambukis, and Louis J. Masucci, and Bart Fraser, in their individual capacities, separately, jointly, in sum of one million dollars ($1,000,000).

ii. Award the Plaintiff punitive damages against Marylou Serra, James A. Angelo, Joseph J. Iacoi, Leo P. Trambukis, and Louis J. Masucci, Steven Hartford, Bart Fraser, in their individual capacities, separately, jointly, in sum of one million dollars ($1,000,000).

iii. Award the Plaintiff reasonable attorneys' fees and costs;

iv. And provide such other relief which is just and reasonable.

Plaintiff
Kenneth Adams
D/B/A Ocean View Motel
By His Attorney

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5280 Fax
KevenM@McKennaLaw.cc. Net.

**Count IV**
**(Unconstitutional Taking)**

94. Averments one (1) through ninety three (93) are hereby incorporated by reference as if pled within this count.

95. When the four efficiencies and four (4) motel rooms are fully occupied year round, both in the off season and during the summer season, they are able to produce a maximum revenue, if fully occupied on a yearly basis, approximately in the sum of eighty six thousand five hundred dollars ($86,500) to pay for property taxes, maintenance, and help.

96. The Plaintiff has a protected constitutional protected property right to do business as a motel in the Town of Westerly, Rhode Island.

97. The aforementioned actions of the Defendants have denied and will continue to deny Plaintiff's right to earn income from the use of his property known as the Ocean View Motel.

98. Such actions by the Defendants constituted a regulatory taking of his property in violation of the provisions of the State and Federal Constitution.

99. Wherefore, the Plaintiff prays that this Honorable Court grant the following relief to the Plaintiff

   i. Award the Plaintiff Compensation of Two Million Dollars ($2,000,000) for regulatory condemnation of his property without fair and reasonable compensation.
   ii. Award the Plaintiff reasonable attorneys' fees and costs;
   iii. And provide such other relief which is just and reasonable.

Plaintiff
Kenneth Adams
D/B/A Ocean View Motel
By His Attorney

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5280 Net
KevenM@McKennalaw. cc Net

June 1. 2007

Plaintiff Demands a Trial by Jury