STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
07 JUN 11 AM 11:46

KENNETH ADAMS d/b/a
OCEAN VIEW MOTEL

VS. C.A. FILE NO.: WC 07-358

THE TOWN OF WESTERLY,
et al

**ANSWER OF THE TOWN OF WESTERLY AND OTHER DEFENDANTS**

**First Defense**

1. General response to Complaint. These Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Plaintiff's Complaint and hereby leaves Plaintiff to his proof of each and every allegation, thereby denying the same, except the Defendants do admit the allegations contained in Paragraphs 1, 7, 8, 54, 61, 62, 65, 73, 74 and 82, and specifically deny the allegations contained in Paragraphs 10, 11, 12, 13, 15, 16, 20, 21, 30, 31, 33, 34, 35, 39, 40, 41, 42, 49, 51, 52, 53, 55, 57, 58, 59, 60, 66, 67, 68, 71, 72, 78, 79, 83, 84, 85, 86, 88, 90, 91, 92, 95, 96, 97 and 98.

2. Specific response to Complaint, with regards to the remaining paragraphs:

22. Admitted in part, Town of Westerly has issued permits to your Plaintiff pursuant to prior Court Order.

25. Denied as to the basis for Adams not to have his license renewed.

26. Admit that the Town Council denied the appeal, however, deny the remaining allegations.

27. Can neither admit nor deny as to the representations as to any potential conflict with regards to the Town Solicitor, Steven T. Hartford, and thus deny the same.

38. Denied, and specifically state that this same claim has been made by the Plaintiff in the past and the litigation was dismissed with prejudice, without interest or costs.

**Count I**

43. The within Defendants incorporate by reference their answers to Paragraphs 1 through 43 as if stated herein verbatim.

69. **Wherefore**, the within Defendants respectfully request this Honorable Court deny and dismiss each and every prayer for relief of your Plaintiff and award your Defendants their attorney's fees for having to defend this matter.

**Count II**

70. The within Defendants incorporate by reference their answers to Paragraphs 1 through 69 by reference as if stated herein verbatim.

80. **Wherefore**, the Defendants respectfully request this Honorable Court deny and dismiss each and every prayer for relief of your Plaintiff and award your Defendants their attorney's fees for having to defend this matter.

**Count III**

81. The within Defendants realleges and incorporates by reference their answers to Paragraphs 1 through 80 as if stated herein verbatim.

93. **Wherefore**, the Defendants respectfully request this Honorable Court deny and dismiss each and every prayer for relief of your Plaintiff and award your Defendants their attorney's fees for having to defend this matter.

**Count IV**

94. The within Defendants realleges and incorporates by reference their answers to Paragraphs 1 through 93 as if stated herein verbatim.

99. **Wherefore**, the Defendants respectfully request this Honorable Court deny and dismiss each and every prayer for relief of your Plaintiff and award your Defendants their attorney's fees for having to defend this matter.

**Second Defense**

Defendants, and each of them, deny any and all negligence on their part; and, with regards to any remaining paragraphs of Plaintiff's Complaint that Defendants have failed to adequately answer or respond to, Defendants, and each of them, state herein that they leave Plaintiff to his proof of each and every allegation, thereby denying the same.

**First Affirmative Defense**

Defendants, and each of them, deny any and all negligence on their part or the part of their agents, servants, employees or appointed officials.

**Second Affirmative Defense**

Plaintiff's Complaint fails to state a cause of action against any of the within Defendants.

**Third Affirmative Defense**

Plaintiff has no jurisdiction over the Defendant and has failed to exhaust his administrative remedies.

**Fourth Affirmative Defense**

The within case is barred by the doctrine of res judicata as this matter has already been litigated.

**Fifth Affirmative Defense**

Plaintiff has failed to state a claim against your Defendants.

**Sixth Affirmative Defense**

Plaintiff has no jurisdiction in this Court over the TOWN OF WESTERLY or the Licensing Board, or the individual representatives of said Licensing Board to grant Plaintiff his requested relief.

**Seventh Affirmative Defense**

Plaintiff's claims are precluded by Plaintiff's misfeasance and/or malfeasance.

**Eighth Affirmative Defense**

Plaintiff's claims are precluded by the doctrine of waiver.

**Ninth Affirmative Defense**

Plaintiff's claims are precluded by the doctrine of unclean hands.

**Tenth Affirmative Defense**

Plaintiff's claims are precluded by the doctrine of estoppel.

**Eleventh Affirmative Defense**

Plaintiff lacks jurisdiction to have this matter heard in the Superior Court.

**Twelfth Affirmative Defense**

The within action is precluded for it has already been litigated and is subject to the doctrine of res judicata.

**Thirteenth Affirmative Defense**

The Defendants, and each of them, reserve the right to amend the within Answer to add such additional affirmative defenses that may become known and/or appropriate during the course of the within litigation.

THE DEFENDANTS
BY THEIR ATTORNEY

________________________________

George A. Comolli, Esquire #2730
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891
(401) 348-6020

**<u>CERTIFICATION</u>**

That I hereby certify that I mailed a true copy of the foregoing Answer to **Kevin A. McKenna, Esquire** at his address of Keven A. McKenna, P.C., 23 Acorn Street, Providence, RI 02903, by first-class mail, postage prepaid, this 8 day of June, 2007.

________________________________