# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KENNETH ADAMS d/b/a OCEAN VIEW MOTEL,
Plaintiff,

v.

THE TOWN OF WESTERLY in its Corporate Capacity; THE WESTERLY TOWN COUNCIL in its Representative Capacity; THE WESTERLY BOARD OF LICENSES AND ITS MEMBERS, MARYLOU SERRA, JAMES A. ANGELO, JOSEPH J. IACOI, LEO P. TRAMBUKIS and LOUIS J. MASUCCI, in their Representative and Personal Capacities; BART FRASER, the Westerly Building Inspector, in his Representative and Individual Capacity; DONNA GIORDANO, in her Representative Capacity as Town Clerk; THE WESTERLY POLICE DEPARTMENT; EDWARD MELLO, Chief of the Westerly Police Department; LT. MARK WRIGHT; SGT. SHAWN LACEY; CORPORAL LAMB; DETECTIVE BAILEY; DETECTIVE ERNEST BAILEY; PATROLMAN CHRISTIAN T. FIORE; and OFFICER DAMIEN MADDOX, in their Individual Capacities,
Defendants.

**CA07-244T**

**DEFENDANT, TOWN OF WESTERLY'S,**
**<u>FIRST SET OF INTERROGATORIES TO BE ANSWERED BY PLAINTIFF</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff is hereby requested to answer, under oath, these interrogatories, within thirty days from the date of service. These interrogatories shall be deemed continuing so as to require supplemental answers if you obtain further information between the time your answer is served and the time of the trial.

**<u>INSTRUCTIONS AND DEFINITIONS</u>**

1. With respect to each answer of each interrogatory which is not within your personal knowledge, please:

   a. State the names, addresses, and positions of the person or persons to whom such answer is a matter of personal knowledge.

   b. Identify each document used in answering the interrogatory or upon which the interrogatory is based.

c. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing answers to these interrogatories.

2. The term "communication" includes any written communication and without limitation, any oral communication, including any conversation, negotiation, or meeting in person, by telephone or by any other means. The term also includes, without limitation, discussions, statements, meetings, interviews, consultation and any other manner of oral utterance.

3. The term "document" as used herein means any written, recorded or photographic matter and any items, in whatever form included within the scope of the Federal Rules of Civil Procedure 34. It also includes the original of any items and any edited or annotated copy.

4. The term 'identify" means (i) as to a "document:" a brief description (i.e. letter, minutes, memorandum), the date or best information as to when the document was created; identify the authors and all recipients; the present or last known location of the document; identify the present or last known custodian of the document; (ii) as to any person: the name, current or last known job title and business address; and (iii) as to any "communication," the date thereof or best information as to when the communication occurred, identify the participants, the locations where the communication took place, and the substance of the conversation stating as accurately as possible who said what.

5. These interrogatories are continuing and are to be supplemented as provided for by the Rules of Civil Procedure.

**INTERROGATORIES**

1. Please state your name, age, current residential address, occupation, business address, highest education, marital status and the names and ages of any children you have.

2. If you or anyone on your behalf has ever had communication, in any form, whether written or oral, with any of the Defendants, their agents, servants or employees in any way relating to or concerning any facts, events, occurrences or allegations as set forth in your Complaint, please state:

a. the date of such communication and the manner in which such communication was made on each of the dates listed in your answer to subpart (a) of this interrogatory; i.e. whether face-to-face conversation, telephone, letter, etc.;

b. the name and present address of each and every person who engaged in or in any way participated in each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory; and

c. in full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory,

indicating what was said or communicated by each of the persons listed in your answer to subpart (c) of this interrogatory. If any of these communications were in written form, please attach a copy of each such communication to your answers to these interrogatories.

3. Please state the name and present address of each person having personal knowledge of any of the facts, events, occurrences, conditions or allegations contained in your Complaint, including but not limited to, those persons who may have been witnesses to the allegations alleged in your Complaint, designating each witness as such.

4. For each and every person whom you expect to call as an expert witness at trial, please state:

   a. the identity of each expert by giving his/her name, address, specialty and professional education and experience;

   b. the subject matter on which each such expert is expected to testify;

   c. the substance of the facts and opinions to which each such expert is expected to testify;

   d. a summary of the grounds for each such opinion.

5. Please set forth in complete detail the date and manner in which you acquired title to the property located at 140 Atlantic Avenue and 3 Montauk Avenue in Westerly, Rhode Island, including but not limited to the name of the grantor and the value for which the property was acquired.

6. Please describe in complete detail any other party and/or Trust that owns an interest in the property located at 140 Atlantic Avenue or 3 Montauk Avenue, including, but not limited to, setting forth the trust purpose, names of beneficiaries and trustee(s), the date which the Trust(s) was established, any modification to the Trust; and any contemplated termination date or terminating event for the Trust.

7. Please state when you first obtained any ownership interest and how you became aware of the property at 140 Atlantic Avenue or 3 Montauk Avenue being available for sale and what efforts you took to investigate the opportunity to purchase the property, including any property inspections by you or your agents, specifying the date of such inspections and who was present for such inspections.

8. Please describe any and all improvements, renovations, modifications, repairs or construction conducted at or upon the real property at 140 Atlantic Avenue or 3 Montauk Avenue at any time when you had an ownership interest, specifying the date(s) of such improvements or construction and whether any permits were obtained regarding same.

9. Please describe in complete detail any permit that was required, sought or obtained for the operation of the Individual Septic Distribution System servicing the property located at 140 Atlantic Avenue, including, but not limited to, setting forth the permit purpose, names of those parties or agencies responsible for issuing the permit, the date on which the permit was applied for, and the date on which the permit was issued, and the length of time for which the permit remained valid.

10. If you attended any public hearing before any local, state or federal entity, regarding the proposed Individual Septic Distribution System servicing the property at 140 Atlantic Avenue, Westerly, Rhode Island, please identify the time and place of such hearing, the hearing authority and board, and set forth in complete detail any and all comments and/or statements made by you at said hearing, including, but not limited to, whether you opposed or supported the application under consideration at the hearing.

11. Please set forth in complete detail the substance of each and every conversation that you and/or your agents, servants or employee's had with any member of the Westerly Town Council, concerning any of the events, occurrences and/or conditions alleged in the Complaint, including, but not limited to, the date, place and time of said conversation(s).

12. Please set forth in complete detail each and every conversation that you and/or your agents, servants or employee's had with any member of the Westerly Board of Licenses, with regard to any of the events, occurrences and/or conditions alleged in the Complaint, including, but not limited to, the date, place and time of said conversation(s).

13. Please set forth in complete detail each and every conversation that you and/or your agents, servants or employee's had with Mr. Bart Fraser, the Westerly Building Inspector, with regard to any of the events, occurrences and/or conditions alleged in the Complaint, including, but not limited to, the date, place and time of said conversation(s).

14. Please set forth in complete detail each and every conversation that you and/or your agents, servants or employee's had with Ms. Donna Giordano, Town Clerk of the Town of Westerly, with regard to any of the events, occurrences and/or conditions alleged in the Complaint, including, but not limited to, the date, place and time of said conversation(s).

15. Please set forth in complete detail each and every conversation that you and/or your agents, servants or employee's had with any member of the Westerly Police Department, with regard to any of the events, occurrences and/or conditions alleged in the Complaint, including, but not limited to, the date, place and time of said conversation(s).

16. Please identify and describe in complete detail any and all surveys or other analysis conducted by you and/or your agents, servants or employee's regarding the construction, size, type or impact of the proposed Individual Septic Distribution System servicing the property at 140 Atlantic Avenue, Westerly, Rhode Island.

17. Please state each and every date in which the value of the property at 140 Atlantic Avenue, Westerly, Rhode Island, was assessed by any representative of the Town of

Westerly, or by any other state, local or federal entity, including, but not limited to, the name of said assessor and the value that was communicated during or as a result of said assessment.

18. Please set forth in complete detail each and every fact upon which you rely in asserting in Paragraph 60 of your complaint that the "Town of Westerly has capriciously, wrongfully, intentionally, and unconstitutionally refused to allow the Plaintiff to do business in the Town of Westerly."

19. Please set forth in complete detail each and every fact upon which you rely in asserting in Paragraph 76 of your Complaint that the Defendant members of the Westerly Police "wrongfully entered the property of the Plaintiff known as the Ocean View Motel and remove (sic) its patrons, who previously paid for rooms, and seized the business records of the Plaintiff."

20. Please set forth in complete detail each and every fact upon which you rely in asserting in Paragraph 85 of your Complaint that the "issuance of such charges and fines, by the Town Defendants in the Westerly Municipal Court were an abuse of process done for an ulterior purpose."

21. Please set forth in complete detail each and every fact upon which you rely in asserting in Paragraph 91 of your Complaint that the Defendant Members of the Westerly Board of Licenses and Defendant Bart Fraser, the building inspector, portrayed the Plaintiff in false light and libeled and slandered his good name.

22. Please set forth in complete detail each and every fact upon which you rely in asserting that the alleged conduct of the Town of Westerly resulted in a "Denial of Due Process" actionable under Federal law, 42 U.S.C. § 1983.

23. Please describe the annual revenue, receipts, income and/or accounts received for the operation of the business(es) located at 140 Atlantic Avenue or 3 Montauk Avenue or from any other source related to activity upon those locations, including rental incomes, for the five year period from 2002 to present.

24. Please state, in full and complete detail, all losses, financial or otherwise, allegedly sustained by you as a result of the allegations stated in the Complaint, including but not limited to, all efforts you undertook to mitigate those losses, all related costs, and any alleged depreciation in value of your property at 140 Atlantic Avenue, Westerly, Rhode Island.

Respectfully submitted,

The Defendant,
TOWN OF WESTERLY,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, R.I. Bar No. 5068
Adam J. Combies, R.I. Bar No. 7564
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

4/3/08
Date