# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KENNETH ADAMS d/b/a OCEAN VIEW MOTEL,
Plaintiff,

v.

THE TOWN OF WESTERLY in its Corporate Capacity; THE WESTERLY TOWN COUNCIL in its Representative Capacity; THE WESTERLY BOARD OF LICENSES AND ITS MEMBERS, MARYLOU SERRA, JAMES A. ANGELO, JOSEPH J. IACOI, LEO P. TRAMBUKIS and LOUIS J. MASUCCI, in their Representative and Personal Capacities; BART FRASER, the Westerly Building Inspector, in his Representative and Individual Capacity; DONNA GIORDANO, in her Representative Capacity as Town Clerk; THE WESTERLY POLICE DEPARTMENT; EDWARD MELLO, Chief of the Westerly Police Department; LT. MARK WRIGHT; SGT. SHAWN LACEY; CORPORAL LAMB; DETECTIVE BAILEY; DETECTIVE ERNEST BAILEY; PATROLMAN CHRISTIAN T. FIORE; and OFFICER DAMIEN MADDOX, in their Individual Capacities,
Defendants.

**CA07-244T**

**DEFENDANT, TOWN OF WESTERLY'S,**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, the defendant, Town of Westerly, requests that the plaintiff, Kenneth Adams d/b/a Ocean View Motel, produce for inspection and copying the following designated documents. The term "documents" shall mean the original, all non-identical copies and all drafts of any book, pamphlet, letter or other form of correspondence, telegram, telex, telefax, cable, report, study, memorandum, note, diary entry, log entry, drawings, graphs, charts, photographs, phonorecords, video recordings, films, electronic mail, electronic data, telephone memorandum, summary, financial record or any other data compilation from which information can be obtained, translated, if necessary, by the responding party through detection devices into useable form.

If any document sought by the Request for Production of Documents has been destroyed (and no copies exist), identify the date of destruction and the person responsible for ordering destruction and the purpose for destruction.

If you claim any privilege or immunity from discovery with respect to any documents sought herein, then please provide the following information as to each document to which each such claim is made:

a. its date;

b. the name and address of its maker;

c. the name and address of each person who has seen and reviewed each document;

d. the name and address of each person listed as an addressee;

e. a brief description of its subject matter;

f. the nature of the privilege or immunity claim; and

g. a summary of all facts and circumstances upon which such claim is based.

The documents are to be produced at the office of John J. Cloherty III, Esq., Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, MA 02110 (on or before 30 days from the receipt of this Request), with the documents organized in the manner specified in F.R.C.P. 34(b).

**DOCUMENTS REQUESTED**

1. All reports, memoranda, notices, letters, correspondence and/or any other documents which came into the possession of plaintiff or plaintiff's attorney, in any way concerning or relating to any of the allegations in the Plaintiff's Complaint prepared by or transmitted from:

   a. the Defendant, its agents, servants, employees or attorneys;

   b. any insurance company(ies) providing insurance to the Plaintiff for any portion of the losses allegedly sustained by the Plaintiff as a result of the incident(s) alleged in the Complaint, and the agents , servants, employees or attorneys for each insurance company; and

   c. any agency, bureau, commission of the federal government or of any state, local or municipal government.

2. Copies of any and all trust instruments relative to the establishment of any Trust that holds any ownership interest in the property located at 140 Atlantic Avenue, or 3 Montauk Avenue, Westerly, Rhode Island.

3. All documents which evidence that Plaintiff is the legal owner of real property located at 140 Atlantic Avenue, Westerly, Rhode Island, as well as any such documents related to the purchase and sale, real estate closing or conveyance of the property.

4. All documents which evidence that Plaintiff is the legal owner of real property located at 3 Montauk Avenue, Westerly, Rhode Island, as well as any such documents related to the purchase and sale, real estate closing or conveyance of the property.

5. Any and all documents relative to the fair market value of the Plaintiff's property located at 140 Atlantic Avenue or 3 Montauk Avenue, Westerly, Rhode Island, including a legal description of the property, current assessed value, and assessment history.

6. Copies of any notices, decisions, or permits received by Plaintiff, or Plaintiff's agents, servants or employees for the Town of Westerly or any agency, board or party responsible for issuing any permit regarding the proposed Individual Septic Disposal System servicing the property at 140 Atlantic Avenue, Westerly, Rhode Island.

7. Any and all documents related to our concerning the installation, modification, renovation, expansion or other alteration of the septic system at 140 Atlantic Avenue, Westerly, Rhode Island.

8. Any and all documents related to or concerning the installation, modification, renovation, expansion or other alteration of the building structure(s), or the electrical, plumbing or heating services thereto, at 140 Atlantic Avenue or 3 Montauk Avenue, Westerly, Rhode Island.

9. Copies of each and every document, regulation and/or zoning by-law(s) relied upon by Plaintiff in Plaintiff's assertion that the Town of Westerly's actions in denying Plaintiff's permit for an expanded Individual Septic Disposal System constitutes a "Deprivation of Due Process" under Federal Law, 42 U.S.C. § 1983.

10. Copies of your personal and corporate income tax returns to the State of Rhode Island and the United States of America for the years 2002 to the present.

11. Any and all documents related to or concerning any income, revenue, profit or monies obtained from the use of the property or activities conducted thereon, for the past 5 years from 2002 to present.

12. Copies of any documents describing, evidencing or establishing your employment history, including but not limited to your resume or curriculum vitae.

13. Copies of each and every written communication regarding the property at 140 Atlantic Avenue between Plaintiff, Plaintiff's agents, servants and employees and any of the following:

    a. Abutters to the property at 140 Atlantic Avenue, Westerly, Rhode Island;

b. Any other property owners with an interest in the purchase or development of the property at 140 Atlantic Avenue, Westerly, Rhode Island;

c. Coastal Resources Management Council, or any agent, employee, and servant thereof;

d. Department of Environmental Management, or any agent, employee, and servant thereof;

e. The Town of Westerly, or any agent, employee, and servant thereof;

f. Any other agency, bureau, or commission of the federal government or of any state, local, or municipal government.

14. All notes, memoranda and other written records made or received by Plaintiff, Plaintiff's agents, servants or employees concerning any meeting or meetings, telephone conversation or conversations between Plaintiff, Plaintiff's agents, servants or employees and the Town of Westerly, its agents, servants or employees concerning or in any way related to the incidents or events alleged in the Plaintiff's Complaint.

15. Copies of all correspondence and/or notes or transcriptions of any communication between Plaintiff and any other person (not including the attorney who represents Plaintiff in the present action) reporting, relating, describing or in any way concerning any of the events, occurrences and/or conditions alleged in the Plaintiff's Complaint.

16. Copies of all signed or unsigned written or oral statements recorded by mechanical and/or electrical means made by any persons having knowledge of the allegations contained in the Complaint, directly or indirectly, which are in the possession, custody or control of the Plaintiff.

17. All documents related to the substance of any and all Planning Board, Zoning Board, Licensing Board and other public hearings, concerning permits to be granted for the development of the property at 140 Atlantic Avenue, Westerly, Rhode Island.

18. All documents related to the application for or approval of permits for the development, renovation, alteration or improvement, of the property at 140 Atlantic Avenue, Westerly, Rhode Island, received from the Town of Westerly or any local, state or federal regulatory entity.

19. Copies of any and all surveys or plans of land conducted or created by any persons regarding the borders of the property or the impact of the Individual

Septic Disposal System of the property at 140 Atlantic Avenue, Westerly, Rhode Island, on abutting properties to that parcel or upon the community in general.

20. All documents related in any way to any property inspection conducted of the property at 140 Atlantic Avenue, Westerly, Rhode Island, by any third parties, to include local, state or federal entities.

21. All documents and materials relating in any way to any appraisal, assessment or estimate of the market value of Plaintiff's property at 140 Atlantic Avenue or 3 Montauk Avenue, Westerly, Rhode Island, at any time, including any alleged diminution in value due to the conduct alleged in the complaint.

22. Any and all documents and materials evidencing, concerning or relating in any way to any damages which Plaintiff contends were related to the events and occurrences alleged in the Complaint.

23. All photographs, sketches, diagrams, videos or other depictions relating in any way to Individual Septic Disposal System servicing the 140 Atlantic Avenue property, or the physical condition in or around the property, including but not limited to, such documents depicting any proposed or constructed development or improvements on said property and its impact on Plaintiff's property or abutting properties.

24. All pleadings filed by Plaintiff, Plaintiff's agents, servants or employees in every other lawsuit or other legal action which arises out of the events and occurrences alleged in the Complaint, and/or the property at 140 Atlantic Avenue, Westerly, Rhode Island.

25. Copies of any and all documents which Plaintiff, Plaintiff's agents, servants or employees intend to introduce as an exhibit and/or evidence at trial.

26. Copies of any and all notes, reports, correspondence, graphs, charts, compilations, exhibits or documents of any sort prepared by any expert witness whom Plaintiff expects to call as a witness at trial.

27. Copies of the expert opinion report of any expert witnesses whom Plaintiff expects to testify at trial, including copies of the curriculum vitae, publication list and documents manifesting qualifications and/or experience of each expert witness.

28. All documents concerning or relating to contracts or agreements for the construction of the buildings and other improvements or renovations to the property at 140 Atlantic Avenue, including but not limited to, the general contract, subcontract, invoices, bills of lading, amendments, progress reports, job logs, inspection rights or any other construction or development documents.

29. Copies of any and all documents referred to in preparing Plaintiff's answers to interrogatories propounded to Plaintiff by the Defendants.

30. Copies of any and all written materials evidencing any out of pocket expenses claimed by Plaintiff or on Plaintiff's behalf as damages as a result of the events set forth in the Complaint, including but not limited to, any canceled checks, money orders and other evidence of payments made.

31. Copies of any diary, journal, calendar or notes made, prepared, compiled or kept by Plaintiff, Plaintiff's agents, servants and employees concerning any of the events, occurrences, alleged loss and/or harm alleged in the Complaint.

32. Any and all documents which substantiate Plaintiff's claim for damages allegedly resulting from the Town of Westerly's conduct alleged in the Complaint.

33. Any and all documents and materials relating in any way to the estimation of any future damages Plaintiff alleges he will incur as a result of the alleged conduct by the Town of Westerly alleged in the Complaint.

Respectfully submitted,

The Defendant,
TOWN OF WESTERLY,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, R.I. Bar No. 5068
Adam J. Combies, R.I. Bar No. 7564
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was ~~served upon~~ each attorney of record, or pro se litigant, by mail/by hand.

1/8/08
Date